Peter McGeary *vs*. Old Colony Railroad Company.

PROVIDENCE—NOVEMBER 22, 1898.

Present: Matteson, C. J., Stiness and Tillinghast, JJ.

(1)  *Evidence.    Opinion of Witness.*

A witness cannot testify whether he was "in position to hear" a signal if one had been given, as the question calls for his opinion; his testimony may describe his position, and the jury will determine whether the position would have enabled him to hear.

(2)  *Due Care.    Negligence.*

An accident might happen when both plaintiff and defendant were exercising due care; and therefore it does not follow that defendant was guilty of negligence because an accident occurred while the plaintiff was exercising due care.

(3)  *Contributory Negligence.*

If an effect be the result of the negligence of both sides, a plaintiff cannot recover, however small or great his negligence, if the want of care of both parties contributed directly to the result.

One who undertakes an employment is bound to exercise the care belonging to it; if he does not know how to do so, he is still bound.

(4)  *Verdict.*

A verdict cannot be said to be against the evidence when the conclusion of the jury may have been based upon a finding fairly inferable from the testimony.

Trespass on the Case for injuries received in a collision of cars on defendant's railroad.    Heard on plaintiff's petition for a new trial.

(1)    Per Curiam. The first exception is to the refusal of the court to permit a question to be put to Edward Sharkey, a witness for the plaintiff, on his examination, as to whether or not any signal was given by the defendant or its agents of the approach of the train or cars which occasioned the injury to the plaintiff. The witness was asked, "Did you hear any signal?" to which he answered, "No." He was then asked, "Were you in a position to hear any if there had been any?" This question was objected to by the defendant's counsel, the objection sustained, and the question ruled inadmissible. Thereupon the plaintiff duly excepted. We think the question was properly excluded because it called for an opinion of the witness. He should have been inquired of as to what his position was, leaving it for the jury to determine whether or not he. was in a position to hear a signal or not.

The second, third, fourth, and fifth exceptions do not appear to have been allowed, and we do not consider them for that reason.

(2)    The plaintiff sought to have the court instruct the jury that if the accident might have happened when the plaintiff was using due care, that fact should be the measure—drew the line as to whether the defendant was using due care. The court refused to give the instruction. We think properly; for clearly the accident might have happened even if both plaintiff and defendant were using due care, and therefore it does not follow that the defendant was guilty of negligence because of the happening of the accident when the plaintiff was using due care. The sixth exception is overruled.

(3)    The court instructed the jury that "the rights of a corporation are precisely the same as the rights of an individual. The duties of a corporation are not changed because they have a charter. A corporation is bound to the same degree of skill and care, to exercise the same degree of care, which a private individual would be bound to exercise in the same circumstances, no more, no less." Plaintiff's counsel desired the court to add to this instruction that a corporation, or a

party having experience and knowledge in the management of cars, was bound to use more care than an ordinary person. Thereupon the court charged the jury that "a person who undertakes any employment is bound to exercise the care which belongs to that employment. If he does not know how, so much the worse for him. If he does not know how, he is still bound. A person who operates machinery is bound to exercise care also. . ᠅ . It is not a question of who exercises more or less negligence. It is not a question of the weight of negligence. If the effect was the result of negligence on both sides the plaintiff cannot recover, no matter whether his negligence was small or great, if they both contributed directly to the result." We think that this charge fairly stated the rules applicable to the case, and that the plaintiff's seventh exception should be overruled.

The plaintiff asks for a new trial, also, alleging that one of the jurors was disqualified to act because in the employment of the defendant corporation. No proof, however, is furnished of that fact, and we must therefore disregard the claim.

(4)     Another ground of the petition for a new trial is that the verdict is against the evidence and the weight of the evidence. No special findings were asked for or returned, so that we are unable to say whether the verdict for the defendant was based on a finding that the plaintiff was guilty of contributory negligence, or that the defendant was not negligent. An examination of the testimony shows that the plaintiff went between the cars for the purpose of climbing onto one of them to assist in the removal of a board on the car, or that having removed the board he was in the act of getting down from the car onto the track, when he was caught; that instead of placing himself between the cars, he might have got onto the car or left it by the platform alongside of the car, by going around two or three cars standing on the track. The jury may have found that the plaintiff was guilty of contributory negligence in thus going between the cars instead of going around them and climbing upon or leaving the car, which he and his companion were unloading,

by the platform.　We cannot say that the jury would have erred in so finding.

Again, on the issue of negligence there is evidence that the train, which was run onto the side track and came into contact with the car between which and the car the plaintiff was assisting in unloading the plaintiff was caught, was run onto the side track in the usual way ; that the usual signal, the ringing of the bell on the engine, was given of its approach, and that the position of the plaintiff between the cars was such that no one on the train could have seen him—testimony which would have supported a verdict that the defendant was not guilty of negligence.

New trial denied, and case remitted to the Common Pleas Division with direction to enter judgment on the verdict.

*Orrin L. Bosworth*, for plaintiff.

*Frank S. Arnold*, for defendant.